J-S48022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIEN BARBER | : | |
| | : | |
| Appellant | : | No. 2023 EDA 2017 |

Appeal from the PCRA Order June 16, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0901961-2005

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 26, 2019**

Appellant, Darien Barber, appeals *pro se* from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the procedural history of this case as follows:

> On September 27, 2006, following a two defendant jury trial,[1] [Appellant] was found guilty of second-degree murder (H-2), robbery (F-1), burglary (F-1), and criminal conspiracy (F-1)[2]. Sentencing was deferred until November 21, 2006.  As to the charge of second-degree murder, the [c]ourt sentenced [Appellant] to the mandatory term of life imprisonment,[3] consecutive to a sentence of ten to twenty years imprisonment which [Appellant] was already serving.[4]
>
> > [1] [Appellant] was tried with co-defendant Rolando Hall, CP-51-CR-0108131-2004.  [Appellant] was represented at trial by Daniel Greene, Esquire.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[2] 18 Pa.C.S. §§ 2502(b), 3701(a)(1), 3502(a), and 903, respectively.

[3] 18 Pa.C.S. § 1102(b).

[4] As to the charge of criminal conspiracy, the [c]ourt sentenced [Appellant] to a term of imprisonment of not less than 85 months, nor more than 170 months, concurrent with the second-degree murder sentence. The robbery and burglary charges merged with the second-degree murder charge.

On November 27, 2006, [Appellant] filed post-sentence motions, which were denied by operation of law on March 28, 2007. [Appellant] filed a notice of appeal to Superior Court on March 28, 2007.

Superior Court affirmed [Appellant's] judgment of sentence on May 8, 2008.[5] Following our Supreme Court's January 6, 2009, denial of his Petition for Allowance of Appeal,[6] [Appellant] filed a timely counseled[7] petition pursuant to the [PCRA][8] on January 5, 2010. On August 20, 2010, [Appellant] filed a counseled supplemental amended petition, and the Commonwealth responded by filing a motion to dismiss on January 28, 2011. After reviewing the pleadings, this [c]ourt found that [Appellant's] claims were without merit and, on March 28, 2011, issued a notice to [Appellant] of its intent to deny and dismiss his claims without a hearing, pursuant to Pa.R.Crim.P. 907 (907 Notice). PCRA counsel filed a response to the 907 Notice on April 20, 2011, requesting permission to file a second supplemental amended petition, which was filed on June 1, 2011. After review of the additional submission and the record, on June 3, 2011, this [c]ourt dismissed [Appellant's] claims consistent with its 907 Notice. On July 1, 2011, [Appellant] filed a timely notice of appeal to Superior Court.[9] On July 10, 2012, Superior Court affirmed the dismissal of [Appellant's] PCRA petition, and on July 31, 2013[,] our Supreme Court denied [Appellant's] petition for allowance of appeal.[10]

[5] Commonwealth v. Barber, No. 922 EDA 2007 slip op. (Pa. Super., May 8, 2008) (unpublished memorandum opinion).

[6] Commonweith v. Barber, No. 305 EAL 2008, slip op. (Pa., Jan. 6, 2009) (unpublished memorandum opinion).

[7] [Appellant] retained David Rudenstein, Esquire, to represent him on collateral attack.

[8] 42 Pa.C.S. §§ 9541-9546.

[9] Barnaby Wittels, Esquire was appointed to represent [Appellant] on appeal, as [Appellant] did not continue with David Rudenstein, Esquire.

[10] Commonwealth v. Barber, No. 1736 EDA 2011, slip op. (Pa.Super., July 10, 2012) (memorandum opinion); *allocatur denied*, No. 19 EAL 2013, slip op. (Pa., July 31, 2013) (memorandum opinion).

The instant untimely petition, [Appellant's] second, was filed *pro se* on October [2], 2012.[11] [Appellant] claimed that trial counsel was ineffective for failing to investigate[12] Commonwealth witness Chauntey Rothmiller (Rothmiller),[13] and further claimed that the Commonwealth committed a Brady[14] violation by not turning over favorable evidence to the defense, in the form of records concerning an open criminal case against Rothmiller.

[11] [Appellant] prematurely filed this PCRA petition, as it was filed before our Supreme Court had made a decision on whether to grant [Appellant's] petition for allowance of appeal. ***See Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000) ("When an appellant's PCRA petition is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."). [Appellant's] petition for allowance of appeal was denied on July 31, 2013. However, this [c]ourt was not notified by the Post-Trial Unit of the First Judicial District (Criminal Division) of the existence of this PCRA petition until January 19, 2016. This [c]ourt informed [Appellant] in its 907 Notice that it would address the petition as if it had been properly re-filed after our Supreme Court made its decision, as the delay was due to an

obvious breakdown in the system rather than any oversight by [Appellant].

12 As this [c]ourt ultimately dismissed [Appellant's] petition on timeliness grounds, the [c]ourt did not reach the merits of [Appellant's] claim, including the adequacy of trial counsel's pre-trial investigation.

13 Rothmiller, who was a co-conspirator with [Appellant] and Hall, testified as the Commonwealth's star witness at the trial of [Appellant] and Hall. N.T. 9/22/06 at 9. For his role in these crimes, Rothmiller was sentenced to an aggregate term of no less than 15 years and no more than 30 years imprisonment, followed by two years reporting probation, for third-degree murder (H-3), criminal conspiracy (F-1), robbery (F-1), and possessing instruments of crime (PIC) (M-1). CP-51-CR-1007461-2003; N.T. 10/2/06 at 26-27.

14 Brady v. Maryland, 373 U.S. 83 (1963).

Addressing the issue of timeliness, [Appellant] pled the timeliness exceptions for newly-discovered facts and for government interference, pursuant to 42 Pa.C.S. §§ 9545(b)(1)(i) and (ii), with respect to both claims. On February 9, 2016, having considered the petition and finding that [Appellant] had failed to satisfy his burden of proof in showing that either of his claims satisfied any one of the timeliness exceptions articulated in § 9545(b), this [c]ourt sent [Appellant] a 907 Notice. On March 1, 2016, [Appellant] responded to the 907 Notice, providing a copy of Rothmiller's criminal docket, which he had earlier failed to do, which indicated that Rothmiller had been arrested in connection with a robbery which occurred in Chester County, Pennsylvania, on October 1, 2003.15 Therefore, [Appellant] claimed, Rothmiller could not have been with [Appellant] at all times during the evening of September 30, 2003[,] through the morning of October 1, 2003, as Rothmiller had testified at trial. See Notes of Testimony (N.T.) 9/22/06 at 19-22.

15 This [c]ourt notes that [Appellant] claimed in his *pro se* petition that the docket sheet indicated that the robbery *occurred* "in the early morning hours" of October 1, 2003. PCRA Petition, 10/2/2012 at 3.

- 4 -

Though the criminal docket attached to [Appellant's] response to the 907 Notice provides an offense date of October 1, 2003, the docket contains no details with respect to the specific time the robbery was committed or other circumstances of the robbery for which Rothmiller was arrested. Therefore, it appears that, even before an evidentiary hearing was granted on this petition, [Appellant's] knowledge of Rothmiller's prior robbery did not come solely from the criminal docket sheet. See also note 33, *infra*, regarding [Appellant's] explanation for the source of this information.

Thereafter, this [c]ourt ordered the Commonwealth to file a responsive pleading, which it did on May 13, 2016. Upon review of the Commonwealth's filing, this [c]ourt found that there remained genuine disputes of material fact concerning [Appellant's] knowledge of the Chester County robbery and that further proceedings were necessary to resolve those disputes. Therefore, this [c]ourt granted an evidentiary hearing to determine whether [Appellant] could establish that he had satisfied one of the timeliness exceptions and that he filed the petition within 60 days of the date that he asserted he first discovered Rothmiller's Chester County docket. See Pa.R.Crim.P. 907(1) (providing that a petition under the PCRA may be dismissed without a hearing only if, after the [c]ourt's review, the [c]ourt is satisfied "that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings."). On July 5, 2016, this [c]ourt ordered the appointment of counsel to represent [Appellant] at the evidentiary hearing.[16] On November 14, 2016, PCRA counsel filed a motion for leave to amend the petition and a motion to compel discovery. On January 13, 2017, this [c]ourt denied leave to amend but provided PCRA counsel 60 days to file a supplemental response to the 907 Notice, limited to evidence with respect to timeliness.[17] Also on that date, this [c]ourt granted [Appellant] discovery with respect to any requests that had previously been submitted by trial counsel seeking information on Rothmiller.

[16] See Pa.R.Crim.P. 904(D) (providing for the appointment of counsel for indigent petitioners on a second or subsequent PCRA petition upon the grant of an evidentiary hearing). This [c]ourt sent [Appellant]

- 5 -

a letter on July 6, 2016 explaining that he had been added to the list of petitioners awaiting the appointment of counsel, and informing him that the backlog of PCRA appointments meant that the [c]ourt would not schedule the evidentiary hearing until after counsel for the hearing had been appointed. On September 20, 2016, Stephen O'Hanlon, Esquire, was appointed to represent [Appellant], however, on October 7, 2016, Carrie Sarhangi-Love, Esquire, agreed to represent [Appellant] on a *pro bono* basis for his hearing. Therefore, in light of the limited number of attorneys available for appointment to PCRA matters, this [c]ourt removed Mr. O'Hanlon as counsel for [Appellant] on October 7, 2016. On November 9, 2016, Michael Witsch, Esquire, entered his appearance as Ms. Sarhangi-Love's *pro bono* co-counsel.

[17] On March 13, 2017, PCRA counsel filed that response to the 907 Notice.

The evidentiary hearings were held on April 21, 2017[,] and May 19, 2017.

On June 12, 2017, the Commonwealth filed a post-hearing memorandum of law.[18] After considering all the evidence from the hearings and the pre- and post-hearing filings by both parties, this [c]ourt determined that [Appellant] had not satisfied the timeliness exception for newly –discovered facts.[19] Therefore, this [c]ourt dismissed [Appellant's] petition in open court on June 16, 2017.[20] This timely appeal followed.

[18] PCRA counsel did not file a post-hearing memorandum, however, this [c]ourt did not issue an order requiring either side to file post-hearing briefs.

[19] Though this [c]ourt did not explicitly address the timeliness exception for government interference on June 12, 2017, as discussed in detail *infra*, this [c]ourt's finding meant that [Appellant] could satisfy neither the timeliness exception for newly-discovered facts nor the exception for government interference.

> [20] Ms. Sarhangi-Love was permitted to withdraw, and the [c]ourt ordered the appointment of new counsel for any appeal of the [c]ourt's decision. On June 22, 2017, Benjamin Cooper, Esquire, entered his appearance as [Appellant's] appellate counsel in this matter.

PCRA Court Opinion, 12/28/17, at 1-5.

Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant presents the following issue for our review: "Did the learned PCRA court commit an abuse of discretion by denying Appellant PCRA relief?" Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[1]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.[2]  42 Pa.C.S. § 9545(b)(2).

---

[1]  The exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[2] Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented.  However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter.").  Because Appellant's instant petition was filed in 2012, this change is inapplicable to the case *sub judice*.

Our review of the record reflects that Appellant was sentenced on November 21, 2006. Appellant filed post-sentence motions on November 27, 2006, which were denied by operation of law on March 28, 2007. Appellant filed a direct appeal. This Court affirmed Appellant's judgment of sentence on May 8, 2008, *Commonwealth v. Barber*, 954 A.2d 31, 922 EDA 2007 (Pa. Super., filed May 8, 2008) (unpublished memorandum), and our Supreme Court denied his petition for allowance of appeal on January 6, 2009. *Commonwealth v. Barber*, 963 A.2d 466, 305 EAL 2008, (Pa., filed January 6, 2009). Accordingly, Appellant's judgment of sentence became final on April 6, 2009, when the time for seeking *certiorari* from the United States Supreme Court expired.[3] *See* 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, Appellant had to file the current PCRA petition by April 6, 2010, in order for it to be timely. *See* 42 Pa.C.S. § 9545(b)(1) (A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until October 2, 2012. Thus, Appellant's instant PCRA petition is patently untimely.

---

[3] Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court. *Commonwealth v. Hackett*, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions exists. **Commonwealth v. Whitehawk**, 146 A.3d 266, 269–270 (Pa. Super. 2016).

Appellant first asserts that he established the newly-discovered-facts exception to the PCRA time bar. Appellant's Brief at 16, 27-28. Appellant maintains that after his trial, he discovered evidence that Rothmiller, who testified for the Commonwealth at Appellant's trial, had been charged with robbery for an incident that occurred hours before the incident in the present case. *Id.* at 16. Appellant further contends:

> That evidence consisted of Rothmiller's criminal history, which [A]ppellant avers was not provided to him prior to or during the trial and which he claimed he first learned about after [George] Bussinger[4] reviewed discovery material and saw that it did not contain a criminal extract for Rothmiller. Based on the failure of the Commonwealth to provide Rothmiller's criminal extract to him, [A]ppellant alleged that he was not able to impeach Rothmiller's already shaky credibility with evidence that Rothmiller had been accused of committing *crimen falsi* crimes mere hours before the crimes in the instant matter were committed.

---

[4] The parties entered into a stipulation with regard to George Bussinger ("Bussinger"), who was an inmate serving time for robbery convictions at State Correctional Institution Forest, where Appellant was also incarcerated. N.T., 5/19/17, at 7-9.

Appellant's Brief at 16-17. Appellant maintains that he received a copy of Rothmiller's criminal extract reflecting this robbery from Bussinger in August 2012, and that he sent this information to his attorney on August 24, 2012. *Id.* at 18-19. Appellant contends that he promptly filed the instant PCRA petition after Bussinger viewed Appellant's discovery material and noticed it. *Id.* at 32. Appellant contends that he could not have filed his second PCRA petition from the date he advised his counsel of Rothmiller's involvement in the robbery because he was barred from filing a subsequent PCRA while the first was pending on appeal. *Id.* at 31.[5]

"The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015).

> Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception 'is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.'

*Id.* (internal citations omitted).

---

[5] We note that, although unnecessary to our analysis, Appellant did, in fact, file his instant PCRA petition while his first petition was pending on appeal, as the PCRA court explained in its Pa.R.A.P. 1925(a) opinion. PCRA Court Opinion, 12/28/17, at 3, n.11.

- 11 -

In the case *sub judice*, review of the PCRA evidentiary hearing transcript reflects that Appellant knew of Rothmiller's involvement in the Chester County robbery as early as Appellant's preliminary hearing. The following exchange took place during the April 21, 2017 evidentiary hearing on Appellant's instant PCRA petition:

[Assistant District Attorney]: Do you remember your preliminary hearing when you were represented by Mr. de Marco?

[Appellant]: Yes.

[Assistant District Attorney]: And do you remember the prosecutor, Mr. Carle, saying, quote: "The witness is Jabar Rasheed. He's also known as Chauntey Rothmiller. I also provided Mr. de Marco a copy of Mr. Rasheed's criminal history as well as a memorandum agreement that Jabar Rasheed signed with the district attorney's office." Do you remember that?

[Defense Counsel]: For the record, are you reading from C-2, the preliminary hearing notes?

[Assistant District Attorney]: I am. I'm reading from C-2, which is the preliminary hearing notes which took place on August 30, 2005. I'm reading from Page 6.

[Appellant]: What was your question?

[Assistant District Attorney]: You were at that preliminary hearing, correct?

[Appellant]: Yes.

[Assistant District Attorney]: Do you remember that taking place, what I just read?

[Appellant]: The witnesses [sic] is Jabar Rasheed?

[Defense Counsel]: And the rest of it.

[Assistant District Attorney]: And the rest of it.

- 12 -

[Defense Counsel]: For the record, I've handed my client a copy of C-2 with the relevant portion that the DA just read highlighted.

[Appellant]: I don't remember it, but it's right here.

[Assistant District Attorney]: But you were there for that, correct?

[Appellant]: I was present for this hearing, yes.

N.T., 4/21/17, at 113-115.

Thus, the evidence supports the conclusion that Appellant knew of this information regarding Rothmiller's Chester County robbery as early as August 30, 2005, which was prior to his trial. N.T., 4/21/17, at 114. As such, we cannot agree that Appellant has met the first prong required to meet the newly-discovered-facts exception: the information was not newly discovered. **Brown**, 111 A.3d at 176. Furthermore, this evidence also defeats the second prong requiring "due diligence" in discovering these facts. Even if Appellant argues that he was unaware of this information, the evidence supports the conclusion that through due diligence, he could have discovered this information as early as August 30, 2005. **Id.**[6] Thus, the PCRA court did not err in concluding that Appellant failed to meet the newly-discovered-facts exception to the PCRA time-bar.

---

[6] In his appellate brief, Appellant states: "[A]ppellant admitted that he was present at his preliminary hearing when his then attorney was handed a criminal extract for Rothmiller." Appellant's Brief at 20.

Appellant next argues that he established the governmental-interference exception to the PCRA time-bar. Appellant's Brief at 40. Appellant argues there was a **_Brady_**[7] violation because:

> It is beyond dispute that the Commonwealth had to call Rothmiller, its only eyewitness and identification witness, at trial; it candidly acknowledged that he was the lynchpin of the case against [Appellant], and had entered into an immunity agreement with him. By law, the prosecutor was tasked with knowledge of Rothmiller's participation in the Chester County robbery and required to provide that information to the defense before trial. Yet, there is no evidence to substantiate the proposition that the Commonwealth did, indeed, comply with its constitutional mandate and serve trial counsel with any information relating to Rothmiller's criminal history. Had trial counsel been provided with that prejudicial information, he would have been able to further impeach Rothmiller's already shaky credibility and further sway the jury that Rothmiller's trial testimony was questionable because he was trying to help himself, which raises the reasonable probability that the proceeding may not have ended in conviction.

Appellant's Brief at 42.

In order to meet the statutory requirements of the "governmental interference" exception to the PCRA's one-year jurisdictional time-bar, Appellant was required to plead and prove that his "'failure to raise the claim or claims **previously** was the result of interference by government officials with the presentation of the claim or claims in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States....' 42 Pa.C.S.[A.] § 9545(b)(1)(i) (emphasis added)." **_Commonwealth v._**

---

[7] **_Brady v. Maryland_**, 373 U.S. 83 (1963) (prosecution's suppression of evidence favorable to accused, when requested, is due process violation).

***Chester***, 895 A.2d 520, 523 (Pa. 2006). With regard to an alleged ***Brady***

violation falling within this exception, our Supreme Court explained:

> Although a ***Brady*** violation may fall within the governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence. Section 9545(b)(1)(ii)'s exception requires the facts upon which the ***Brady*** claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence. . . . . [W]e clarified that § 9454(b)(1)(ii)'s exception does not contain the same requirements as a ***Brady*** claim, noting "we made clear the exception set forth in subsection (b)(1)(ii) does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence.".

***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008).

As the evidence of record reflects, there was no government

interference. Evidence produced at the PCRA evidentiary hearing on April 21,

2017, established that the Commonwealth had presented Rothmiller's criminal

record to Appellant and his counsel during the preliminary hearing.

Furthermore, if Appellant was unaware of that fact, it is clear that Appellant

could have ascertained this information through due diligence. ***Abu-Jamal***,

941 A.2d at 1268. Thus, we conclude that Appellant has failed to establish

the governmental-interference exception to the PCRA time-bar.

Consequently, because the instant PCRA petition was untimely and no

exceptions apply, the PCRA court lacked jurisdiction to address the claims

presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396,

398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/26/19